UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

**DECISION AND ORDER**

v.

**Case No.  1:20-mj-1036-JJM**

JOSE M. GANDIA,

Defendant.
_____

Before the court is the government's motion to forcibly medicate defendant Jose

Gandia in order to return him to competency [44].[1] Having reviewed the parties' submissions

[44, 47, 48] and heard oral argument on January 25, 2022 [53], for the following reasons the

motion is denied.

## BACKGROUND

On March 27, 2020, Gandia was charged with unlawful possession of a sawed-off

shotgun and pipe bomb, in violation of 26 U.S.C. §§5861(d) and 5871. Complaint [1]. At his

initial appearance on April 2, 2020 [2], AUSA Seth Molisani moved for pretrial detention,

arguing that Gandia posed a danger to the community as well as a risk of flight. A detention

hearing was scheduled for April 9, 2020 [2], but was adjourned to May 14, 2020 at the request of

Gandia's attorney, Carla Benz. [3, 4].

At the May 14 hearing [6], Ms. Benz raised an issue as to Gandia's competency,

based on an April 16, 2020 report by Ana Natasha Cervantes, M.D., who concluded "to a

reasonable degree of medical certainty, that Mr. Gandia has a diagnosis of Schizophrenia", that

---

[1]      Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF
pagination (upper right corner of the page).

he "does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and he does not have a rational and factual understanding of the proceedings against him". [7] at 8, 10. Therefore, the detention hearing was held in abeyance pending a determination of Gandia's competency.

A competency hearing was by videoconference held on June 4, 19 and July 28, 2020 [10, 13, 17], at which Dr. Cervantes was questioned by counsel and me. At the conclusion of that hearing, and having considered Dr. Cervantes' July 21,2020 Competency Evaluation Addendum [18] reiterating her earlier opinions, I found "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense", and committed him to the custody of the Attorney General. July 30, 2020 Order [20] at 3.

Gandia was admitted to the Mental Health Unit at FMC [Federal Medical Center] Butner in Butner, North Carolina on November 9, 2020 for purposes of a further mental health forensic evaluation. [47-3]. By letter dated April 1, 2021 [24], FMC-Butner furnished a March 19, 2021 Forensic Evaluation prepared by its Forensic Psychologist, Evan S. DuBois, Psy.D.. Id. at 2-10. Dr. Dubois concluded that although Gandia's "medical condition continues to render him not competent to proceed to trial . . . . his competency is likely to be restored with adherence to a medication regimen". Id. at 9. He continued: "Should the court determine that additional restoration efforts are appropriate, it is requested that the Court order treatment with psychotropic medication on an involuntary basis". Id.

At a conference on April 23, 2021 [25], AUSA Richard Antoine stated that, based on Dr. DuBois' Forensic Evaluation, he would be seeking court authorization to forcibly

medicate Gandia. [25]. At a subsequent conference on May 21, 2021 [26], Gandia's new attorney, Lorraine Belostock, requested authorization to retain a medical expert, to be paid for with CJA funds. I approved that request. [26, 27].

By Order dated August 17, 2021 [33], I directed FMC-Butner to submit an Addendum to Dr. DuBois' Forensic Evaluation, "detailing a proposed treatment plan to restore the defendant's competence to stand trial". That Addendum, dated September 15, 2021 and signed by FMC-Butner's Chief Psychiatrist, Logan Graddy, M.D., recommends that Gandia be treated with Risperidone, an antipsychotic medication. [37, 47-5]. Based on that recommendation, the government now moves for authorization to administer that treatment, and Gandia opposes that motion.

## DISCUSSION

"All parties recognize that Mr. Gandia presently suffers from Schizophrenia - a chronic disease - which renders him mentally incompetent to stand trial, and has so suffered for a substantial period of his life." Gandia's Opposition [48] at 4. Dr. DuBois agrees with this assessment: "Schizophrenia is a chronic disease, and without medication the defendant's prognosis is poor". [24] at 7. However, Gandia "himself disagrees that he suffers from any mental competency issue and he has been unwilling to take psychiatric medication that has been offered to him". Gandia's Opposition [48] at 4.

Nevertheless, "an individual has a significant constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic drugs." Sell v. United States, 539 U.S. 166, 178 (2003). Therefore, "an incompetent defendant may be involuntarily medicated for the sole purpose of rendering him competent to stand trial only if four criteria are satisfied: (1) there are important government interests in trying the individual; (2) the treatment will

significantly further those interests; (3) the treatment is necessary to further those interests,

considering any less intrusive alternatives; and (4) the treatment is medically appropriate".

United States v. Magassouba, 544 F.3d 387, 396 (2d Cir. 2008); Sell, 539 U.S. at 179. "[T]he

government must demonstrate *each* of these conditions by clear and convincing evidence."

United States v. Decoteau, 857 F. Supp. 2d 295, 302 (E.D.N.Y. 2012) (emphasis added); United

States v. Gomes, 387 F.3d 157, 160 (2d Cir. 2004).

      "First, a court must find that *important* governmental interests are at stake. The

Government's interest in bringing to trial an individual accused of a serious crime is important . .

. . [T]he Government seeks to protect through application of the criminal law the basic human

need for security." Sell, 539 U.S. at 180 (emphasis in original). However,  "[s]pecial

circumstances may lessen the importance of that interest. The defendant's failure to take drugs

voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill -

and that would diminish the risks that ordinarily attach to freeing without punishment one who

has committed a serious crime . . . . The potential for future confinement affects, but does not

totally undermine, the strength of the need for prosecution." Id. Therefore, I must "consider

whether the potential for civil commitment abates the Government's interest in prosecute[ion]".

Gomes, 387 F.3d at 161.

      The government argues that "there is no evidence to suggest defendant Gandia

would qualify for civil commitment. Specifically, there is no evidence the defendant poses a

threat to himself or others. Despite his untreated psychotic symptoms, he 'has been free from

significantly aggressive or self-harming behavior since his arrival at FMC Butner'."

Government's Motion [44] at 8, *quoting* Dr. DuBois' Forensic Evaluation ([47-4 at 10).

However, Dr. DuBois went on to state that "there is insufficient evidence that Mr. Gandia

currently poses a substantial risk of dangerousness *in the current conditions of his confinement at FMC Butner*. Therefore, it is opined Mr. Gandia . . . is not gravely disabled nor does he present an imminent risk of danger to himself or others *in the hospital setting*". [47-4] at10-11 (emphasis added).

However, Dr. DuBois did not address the question of whether Gandia "might pose a danger to himself or others *if released,* and therefore did not rule out the possibility that he will be subject to civil commitment in the future". United States v. Ruiz-Gaxiola, 623 F.3d 684, 694, n. 6 (9th Cir. 2010) (emphasis in original). *See also* United States v. Woodall, 2012 WL 3597421, *3 (D. Or. 2012) (the fact that a defendant is "not dangerous while confined in a prison setting . . . is a different question than whether he would be dangerous if released"); Simmons v. South Carolina, 512 U.S. 154, 163 (1994) ("it is entirely reasonable . . . to view a defendant who is eligible for [release] as a greater threat to society than a defendant who is not").

The circumstances underlying the charges against Gandia (*see* Complaint Affidavit [1], ¶¶5-11; government's Motion [44] at 6-7) strongly suggest that if released, he will pose a substantial danger to the community - particularly since, if left untreated, his "prognosis is poor". [24] at 7. In fact, the government relied upon danger in moving for detention. Because the government has failed to adequately address the potential for Gandia's civil confinement, it has not satisfied the first Sell factor by clear and convincing evidence. Therefore, I need not address the other three factors.[2] Dr. DuBois suggested that "[i]f the Court finds that the first prong of Sell has not been met by clear and convincing evidence, Mr. Gandia may be subject to further evaluation under [18 U.S.C.] §4246". [24] at 10. I agree.

---

[2]        I note, however, that although I authorized Gandia to retain an expert at public expense, he has not submitted a medical report in opposition to the government's Motion.

**CONCLUSION**

"[I]nvoluntary administration of drugs solely for trial competence purposes [is proper] in certain instances. But those instances may be rare." <u>Sell</u>, 539 U.S. at 180. For the foregoing reasons, I conclude that this is not one of those instances. Therefore, the government's Motion [44] is denied. Gandia will "remain in the custody of FMC-Butner for an additional period of 45 days, to permit the director of that facility to determine whether to file a certificate of dangerousness pursuant to 18 U.S.C. §§ 4246 or 4248". <u>United States v. Brennan</u>, 389 F. Supp. 3d 206, 208 (W.D.N.Y. 2019).

A further videoconference will be held on February 24, 2022 at 2:00 p.m. to address, *inter alia*, Gandia's request (made during oral argument on January 25, 2022) to discharge his attorneys. Since he remains incompetent, it is not clear that he may do so. What is clear, however, is that he may not represent himself. *See* <u>Godinez v. Moran</u>, 509 U.S. 389, 400 (1993) ("[a] finding that a defendant is competent to stand trial . . . is necessary before he may be permitted to plead guilty or waive his right to counsel").

Furthermore, since this Decision and Order quotes various documents that have been filed under seal [7, 18, 24, 37, 47-4], it is preliminarily being filed under seal. By February 18, 2022, counsel shall propose a redacted version for public docketing.

**SO ORDERED.**
Dated: February 4, 2022

/s/ *[signature]*
JEREMIAH J. MCCARTHY
United States Magistrate Judge